UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| RODNEY BERGERON, ET AL | CIVIL ACTION |
| VERSUS | NO. 06-10748 |
| ANPAC LOUISIANA INSURANCE COMPANY, ET AL | SECTION "C" (1) |

ORDER AND REASONS

This matter comes before the Court on motion to remand filed by the plaintiffs and the issue whether there is subject matter jurisdiction in this removed action. Having considered the record, the memoranda of counsel and the law, the Court has determined that remand is appropriate for the following reasons.

Any civil action may be removed from state court to federal court if it is proven that the federal court has original jurisdiction. *See,* 28 U.S.C. § 1441 (2006). In removal actions, the removing party bears the burden of establishing that federal jurisdiction exists. See, De Aguilar v. Boeing Co., 47 F.3d 1404, 1408 (5th Cir.1995), cert. denied, 516 U.S. 865 (1995). To do so, the removing party must show that federal jurisdiction appears on the face of the complaint. Torres v. Southern Peru Copper Corp., 113 F.3d 540, 542 (5th Cir. 1997).

Here, the plaintiffs filed suit in state court for hurricane-related damages sustained by their property in Meraux, Louisiana in state court. The defendant ANPAC

Louisiana Insurance Company ("ANPAC") removed on the basis of federal question jurisdiction under the National Flood Insurance Act of 1968 ("NFIA"), 42 U.S.C. §§ 4001 and 4072 and the Multiparty, Multiforum Trial Jurisdiction Act (MMTJA"), 28 U.S.C. §§ 1369 and 1441(e).[1]

Congress established the National Flood Insurance Program ("NFIP") by enacting the NFIA. Under the NFIP, the director of the Federal Emergency Management Agency ("FEMA"), can use private insurance companies, i.e. Write-Your-Own ("WYO") companies, to aid in the administration of the program. The public can purchase insurance policies either directly from FEMA or from the WYO companies. 42 U.S.C. §§ 4071-72 (2006). Section 4072 also provides that the federal court has original and exclusive jurisdiction for claims arising under the NFIP. It is clear that the federal district courts have exclusive subject matter jurisdiction in cases arising out of claims under insurance policies issued pursuant to the NFIP. Powers v. Autin-Gettys-Cohen Ins. Agency, Inc., et. al., 2000 WL 1593401, *2 (E.D.La. 2000); Corliss v. South Carolina Ins. Co., 2004 WL 2988497, *2 (E.D.La. 2004).

---

[1] This Court has ruled that the MMTJA does not apply in Hurricane Katrina cases. Fidelity Homestead Assn. v. Hanover Insurance Co., 458 F.Supp.2d 276 (E.D.La. 2006). It also agrees with Judge Duval's subsequent analysis that the requisite deaths occur at a discrete location. Case v. ANPAC Louisiana Insurance Co., 2006 WL 3615064 (E.D.La.). Therefore, removal under the MMTJA is improper.

According to the petition, the plaintiffs are is suing ANPAC and insurance agent Robert Aucoin ("Aucoin") for failure to properly procure flood and homeowners insurance on a "mother-in-law" property owned by them, which was previously covered under policies issued with regard to the adjacent property. The plaintiffs allege that the defendants breached their contract with them by failing to procure proper coverage and that the defendants were negligent in failing to procure proper coverage on the property.

ANPAC argues that original jurisdiction under the NFIA exists because there was a change in the consideration of the two properties in 1995, which necessitated "cancellation of flood coverage and a change in the insured risk on the flood policy." However, there is no issue that the plaintiffs were aware of that change; their petition is based on the fact that the appropriate insurance was not procured to accommodate that change. The Court finds that this is not a case in which policy administration is involved. Instead, it is indistinguishable in all relevant respects from the procurement cases in which federal question jurisdiction has been found lacking. See e.g., <u>Landry v. State Farm Fire & Casualty Co.</u>, 428 F.Supp.2d 531 (E.D.La. 2006).

Accordingly,

IT IS ORDERED that the plaintiffs' motion to remand is GRANTED. (Rec. Doc.

6).  This matter is hereby REMANDED to the 34th Judicial District Court for the Parish of St. Bernard, State of Louisiana, for lack of subject matter jurisdiction under 28 U.S.C. §1447(c).  No attorney's fees shall be awarded.

New Orleans, Louisiana this 5th  day of March, 2007.

_____
HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE